IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE NORTHERN ASSURANCE COMPANY OF AMERICA, a member of the ONEBEACON INSURANCE GROUP, a/s/o 2550 ASHLAND LLC d/b/a CHICAGO YACHT YARD, and 2550 ASHLAND LLC d/b/a CHICAGO YACHT YARD, individually, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIED MASON CONTRACTORS, INC. and RANDLE MASONRY CONSTRUCTION COMPANY, <br><br> Defendants. | Civil Action No.: 10 C 2197 <br><br> Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

The Northern Assurance Company of America, a member of the OneBeacon Insurance Group, a/s/o 2550 Ashland LLC d/b/a Chicago Yacht Yard, and 2550 Ashland LLC d/b/a Chicago Yacht Yard, individually ("Chicago Yacht Yard") sue Allied Mason Contractors, Inc. and Randle Masonry Construction Company ("defendants") for negligence and gross negligence. Chicago Yacht Yard alleges its boat storage and repair facility, dock, and other property were damaged when defendants' demolition of the facility's sprinkler system ignited a fire and Chicago Fire Department boats extinguished the fire. Defendants move to dismiss the amended complaint for lack of admiralty jurisdiction. For the reasons set forth below, the motion is denied.

## BACKGROUND

The following is derived from Chicago Yacht Yard's amended complaint. Chicago Yacht Yard operated a marina, dock, boat yard, and boat repair and storage facility on the south branch of the Chicago River. Am. Compl. ¶ 1. In August 2009, Chicago Yacht Yard contracted with defendants to demolish a steel pipe sprinkler system in the boat repair and storage facility. *Id.* ¶¶ 8, 34. Defendants' demolition created hot sparks, heat effects, embers, and/or hot pipes; they failed to remedy the condition before departing the facility, and a fire erupted. *Id.* ¶¶ 11-12, 30, 37-38, 56. The Chicago Fire Department, including one or more of its fire boats, responded to the blaze. *Id.* ¶¶ 14, 40. While fighting the blaze, the boat(s) pushed up against, crushed, and damaged a portion of the dock; the fire and water sprayed on the fire further damaged the dock, the boat repair and storage facility, business personal property, and a crane used to lift boats out of the river and into the facility. *Id.* ¶¶ 15, 17, 41, 43.

## DISCUSSION

### I. Legal Standards

A Rule 12(b)(1) motion to dismiss tests whether a federal court has subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Chicago Yacht Yard bears the burden of establishing subject matter jurisdiction. *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999). In determining whether Chicago Yacht Yard has met its burden, all well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in its favor. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

## II. Admiralty Jurisdiction

A federal court has subject matter jurisdiction over admiralty civil cases. 28 U.S.C. § 1333(1). Traditionally, admiralty jurisdiction existed only when the tort in question occurred on navigable waters. *Scott v. Trump Ind., Inc.*, 337 F.3d 939, 942 (7th Cir. 2003). The ostensibly simple locality test was complicated by scenarios involving occurrences partly on land and partly on water. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531-32 (1995). To alleviate the confusion, in 1948, Congress expanded admiralty jurisdiction to "cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land." Extension of Admiralty Jurisdiction Act, 46 U.S.C. § 30101; *Grubart*, 513 U.S. at 532. The broad statutory language confers admiralty jurisdiction over cases in which a vessel on navigable water causes damage to property, even if the damage occurs on land. *Tagliere v. Harrah's Ill. Corp.*, 445 F.3d 1012, 1014 (7th Cir. 2006).

Defendants contest admiralty jurisdiction because Chicago Yacht Yard fails to allege the Chicago Fire Department's boats proximately caused the damage to the storage and repair facility, dock, and other property. The Extension of Admiralty Jurisdiction Act's use of the phrase "caused by" requires proximate causation. *Grubart*, 513 U.S. at 536; *Scott*, 337 F.3d at 943. The classic tort notion of proximate cause "eliminates the bizarre" and "'far-fetched'" case from admiralty jurisdiction. *Grubart*, 513 U.S. at 536-37 (citation omitted).

Chicago Yacht Yard alleges defendants' negligent demolition work proximately caused the fire, and that the Chicago Fire Department's reasonable and foreseeable efforts to extinguish the fire proximately caused additional damage. Am. Compl. ¶¶ 13, 18-20, 39, 44-46. There is nothing bizarre or far-fetched about a fireboat's response to a fire at a marina, which is adjacent

3

to and accessible by navigable water. Defendants nevertheless contend Chicago Yacht Yard must allege the *boats' negligence* proximately caused its damages. The Extension of Admiralty Jurisdiction Act sets forth a "clear and simple jurisdictional test." *Tagliere*, 445 F.3d at 1014. The statute provides that damage must be "caused by a vessel on navigable waters." 46 U.S.C. § 30101. Defendants provide no basis for reading a vessel fault requirement into the statute's plain language.

In addition, defendants contend Chicago Yacht Yard fails to allege a maritime nexus. A party seeking to invoke *traditional* admiralty jurisdiction pursuant to § 1333(1) must allege a nexus or connection with maritime activity, including whether the incident in question has a potentially disruptive effect on maritime commerce, and whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. *Grubart*, 513 U.S. at 534; *Tagliere*, 445 F.3d at 1014. The Seventh Circuit explicitly rejected the need to establish a maritime nexus when jurisdiction is invoked under the Extension of Admiralty Jurisdiction Act. *Tagliere*, 445 F.3d at 1014. When a boat is involved, satisfaction of the test set forth in the Extension of Admiralty Jurisdiction Act establishes admiralty jurisdiction. *Id.* at 1015. Chicago Yacht Yard alleges a boat on navigable waters caused damage to its property; the amended complaint sufficiently pleads admiralty jurisdiction under the Extension of Admiralty Jurisdiction Act.

## CONCLUSION

Defendants' motion to dismiss the amended complaint for lack of jurisdiction is denied. Chicago Yacht Yard sufficiently pleads admiralty jurisdiction.

4

ENTER:

*Signature*

Suzanne B. Conlon
United States District Judge

June 17, 2010